CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 12 2006
JOHN F. CORCORAN, CLERK
BY: /s/ M. Hupp
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| GARVIN HERNANDEZ OWENSBY, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00583 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DOCTOR OFAGH, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff Garvin Hernandez Owensby, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983.[1] Owensby alleges that the defendants violated his federal constitutional rights on September 15, 2006, by placing him in disciplinary segregation for 50 days. He further alleges that defendants harassed him on September 16 and 21, 2006. The alleged harassment includes a correctional officer "smil[ing] in [plaintiff's] face" and telling plaintiff "to get out of his face before he write [sic] [plaintiff] up." Plaintiff adds that, on September 24, 2006, defendants failed to alert him to the arrival of the medications nurse while he was using the telephone, thus causing him to miss one dose of his medication. Plaintiff's complaint was signed and dated September 25, 2006, and was filed on September 27, 2006. Plaintiff admits that at the time he filed the instant suit he was still pursuing administrative relief through the institutional grievance procedure.[2]

---

[1] Plaintiff previously filed a complaint against the same defendants under 42 U.S.C. § 1983, alleging inadequate medical care. On June 12, 2006, I dismissed his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Owensby v. Ofagh, Civil Action No. 7:06cv00347.

[2] Plaintiff is incarcerated at the Northwestern Regional Adult Detention Center. He alleges that his attempts to exhaust his administrative remedies were rejected as untimely. This appears to be incorrect. He presents evidence of grievances filed with the Commonwealth of Virginia Department of Corrections in July and August 2006, which were returned to him with the instruction that "[a]ny grievances you are experiencing while housed at Northwestern Regional are to be addressed to the Jail Administrator at that facility." The record indicates that he has pending a grievance and a number of "requestes [sic] to be moved." He adds that he has

1

Accordingly, because Owensby did not exhaust his administrative remedies before filing this action, I find that his claims, with the exception of his disciplinary segregation claim, must be dismissed pursuant to 42 U.S.C. § 1997e(a). I find that plaintiff's allegations regarding disciplinary segregation must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

Owensby's complaint and attachments demonstrate that his requests to be moved, which were couched as grievances, and his medical requests were still pending at the time of the filing of this complaint. Additionally, one instance in which he alleges that his rights were violated occurred on September 24, 2006, one day before he signed and dated the instant complaint. Accordingly, I find that Owensby did not exhaust all available administrative remedies before filing his complaint. Thus, I shall dismiss these claims pursuant to §1997e(a).

## II. Failure to State a Claim Upon Which Relief May Be Granted

---

medical requests pending as of September 25, 2006.

2

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Owensby states that he was placed in disciplinary segregation "for actions [he] didn't do." Accordingly, I shall construe his claim as alleging a violation of the due process rights afforded under the Fourteenth Amendment.

Although the Fourteenth Amendment does afford prisoners some due process rights, when a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Such confinement is necessarily subject to the broad discretion of those parties managing the jail. Id. However, the confinement does not strip the inmate of all of his liberty interests. Id. "These interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoners's location, variations of daily routing, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and

3

which] are contemplated by his original sentence to prison." Gaston, 946 F.2d at 343. Furthermore, such changes are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Id.

In this case, Owensby fails to allege facts indicating that he has been deprived of any federally protected liberty interest without due process. Owensby admits that he was placed in disciplinary segregation following an altercation on the basketball court. He has failed to allege any significant hardship or harm as a result of his placement in segregation. He has merely been placed in segregation at the discretion of prison administrators. As a result, Owensby has not shown that he was deprived of any constitutionally protected liberty interest.

Therefore, I find that Owensby has failed to allege facts that present a claim of constitutional magnitude. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the foregoing reasons, plaintiff's complaint is dismissed in part pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies, and in remaining part pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This 2th day of October, 2006.

/s/ [signature]
Senior United States District Judge

4